O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. HERNANDEZ,<br><br>Plaintiff,<br>v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 10-1674-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the administrative law judge ("ALJ") properly assessed Plaintiff's credibility;

(2) Whether the ALJ erred by rejecting the treating source opinion in favor of a consulting physician; and

(3) Whether the ALJ erred by finding that Plaintiff's non-exertional impairments of fatigue and depression were not severe impairments.

(JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

## III.
## DISCUSSION

**A. The ALJ's Findings.**

The ALJ found that Plaintiff has unicentric Castleman[3] Disease, status post partial resection and removal of mesenteric mass, which imposes more than a minimal restriction on his ability to perform basic work activities, and thus is a severe impairment. (Administrative Record ("AR") at 19f.) Additionally, the ALJ found that Plaintiff has the medically determinable but not severe impairments of depression, lumbar radiculopathy, and anemia. (Id.) The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of medium level work. (Id. at 19g.) Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform occupations such as hand packer (Dictionary of Occupational Titles ("DOT") No. 920.587-018) or kitchen helper (DOT No. 318.687-010), both of which exist in significant numbers in the national economy. (AR at 19j.) Thus, the ALJ concluded the Plaintiff was not disabled. (Id.)

**B. Whether the ALJ Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ erred by failing to provide specific reasons for discrediting his testimony. (JS at 3.) Plaintiff argues that the ALJ did not develop the record because she failed to use the factors an adjudicator may consider in making a credibility determination. (Id. at 4.)

///

---

[3] Castleman Disease is a rare illness that affects the lymph nodes and other immune-cell structures of the body. Unicentric Castleman Disease affects a single lymph node and can include symptoms such as a feeling of fullness that can cause difficulty in breathing or eating, low-grade fever, weight loss, skin rash, fatigue, excessive sweating, or anemia. Mayo Clinic, Castleman Disease, http://www.mayoclinic.com/health/castleman-disease/DS01000 (last visited June 6, 2011).

### 1. **Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient.)

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986), superseded by statute on other grounds; see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also

Smolen, 80 F.3d at 1284. Social Security Ruling ("SSR") 96-7p, further provides factors that may be considered to determine a claimant's credibility such as: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

**2.  Analysis.**

Plaintiff contends the ALJ failed to make use of the aforementioned factors in making her credibility determination. The Court disagrees.

The ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints less than credible. For instance, the ALJ considered Plaintiff's repeated misstatements that he had been diagnosed with lymphoma as evidence of exaggeration for secondary gain. (AR at 19h.) Similarly, based on Plaintiff's testimony, the ALJ determined that Plaintiff exaggerated his claims so he could obtain benefits in order to be able to afford additional schooling. (Id.) In addition, the ALJ determined that Plaintiff had exaggerated the intensity, persistence, and limiting effects of the symptoms of his Castleman Disease because the partial tumor had remained stable over the past ten years. (Id.) Thus, the ALJ properly used ordinary techniques of credibility evaluation to determine Plaintiff's credibility. Thomas, 278 F.3d at 958-59.

The ALJ also provided clear and convincing reasons related to Plaintiff's failure to follow a prescribed course of treatment. The ALJ relied on reports by

| | |
|---|---|
| 1 | examining physicians, including Dr. Sheri Marquez, a radiation oncologist, who |
| 2 | reported Plaintiff's history of noncompliance in scheduling a biopsy for his |
| 3 | lymphatic tissue.  (AR at 340.)  Plaintiff also missed an appointment for a |
| 4 | radiation oncology assessment at Stanford.  (Id. at 344.)  Further, the ALJ |
| 5 | determined that Plaintiff failed to affirmatively seek any ongoing mental health |
| 6 | care after his suicide attempt despite being provided with information on local |
| 7 | therapists.  (Id. at 19f, 301.)  Plaintiff stated that he had obtained mental health |
| 8 | care in November 2009, but that the only follow-up care consisted of medication |
| 9 | from his primary-care physician.  (Id. at 360-61.) |
| 10 |      Finally, the ALJ relied on the objective medical evidence of record, finding |
| 11 | that it did not fully support Plaintiff's complaints.  For instance, Dr. Brian |
| 12 | DiCarlo, an oncologist and hematologist, reported that Plaintiff's "residual |
| 13 | mesenteric mass had not changed significantly over the past decade."  (Id. at 19h.) |
| 14 | Additionally, Dr. Marquez reported immediate action was not required due to risks |
| 15 | associated with surgery and radiation therapy.  (Id. at 286, 340.)  Therefore, Dr. |
| 16 | Marquez determined the best course of action was to continue observation by |
| 17 | CT/PET scans every six months for this "otherwise healthy 25-year old."  (Id.) |
| 18 |      Based on the foregoing, the Court finds that the ALJ stated clear and |
| 19 | convincing reasons, supported by substantial evidence in the record, for rejecting |
| 20 | Plaintiff's credibility.  Thus, relief is not warranted on this claim. |
| 21 | **C.**     **Whether the ALJ Erred by Rejecting the Treating Physician's Opinion** |
| 22 |          **in Favor of a Consulting Physician.** |
| 23 |      Plaintiff contends that the ALJ failed to give specific reasons for rejecting |
| 24 | the opinion of Dr. David Lennon, Plaintiff's primary care physician, in favor of |
| 25 | non-treating specialists. (JS at 9.) |
| 26 |      **1.**     **Applicable Law.** |
| 27 |      It is well-established in the Ninth Circuit that a treating physician's opinion |
| 28 | will be entitled to special weight, because a treating physician is employed to cure |

and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas, 278 at 957; Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

      The Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v.

Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

2. **Analysis.**

The ALJ fully considered Dr. Lennon's physical medical source statement. (AR at 292-94.) She properly concluded that Dr. Lennon likely completed the statement based only on Plaintiff's subjective statements. (Id. at 19i.) Specifically, the ALJ noted that Dr. Lennon's report was the sole source of any limitations on Plaintiff's use of his hands and arms and was not based on any medical condition otherwise specified. (Id.) The ALJ specifically discredited Dr. Lennon's report because it was "premised to a large extent upon the claimant's own accounts of his symptoms and limitations," which had already been "properly discounted." Morgan, 169 F.3d at 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1985)).

Further, the ALJ noted there were numerous reports contrary to Dr. Lennon's single medical source statement regarding Plaintiff's limitations. (Id.) "The ALJ need not accept the opinion of any physician, including a treating physician, that is brief, conclusory, and inadequately supported by the medical record." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (citing Thomas, 278 F.3d at 957). In particular, where Dr. Lennon determined that Plaintiff could only engage in less than sedentary activities, consultative examining physician, Dr. To, assessed Plaintiff and determined that he could lift and carry fifty pounds occasionally and twenty-five pounds frequently. (AR at 292-94, 156-57.) Further, Dr. To determined that Plaintiff had the ability to stand and walk for six hours a day with no restrictions on tasks involving sitting or agility. (Id. at 156-57.)

In addition, the ALJ relied on objective medical evidence demonstrating that Plaintiff's condition was actually improving. Dr. DiCarlo reported that the nodal mass seemed to have decreased in size and appeared less hypermetabolic. (Id. at 163.) Likewise, Dr. Moss, a surgeon, reported that the mass was most

likely unchanged over the past three to four years and probably over ten years. (Id. at 171.) Also, Dr. Bosshardt, consulting surgeon, declined to explore further surgery because the "area of concern remains stable and has actually decreased in size and activity." (Id. at 347.) Dr. Marquez similarly recommended waiting to see whether the mass required additional surgery or radiation therapy because of the high risks and the mild regression in disease. (Id. at 286, 340.) Finally, Dr. Hsia, a gastroenterologist, reported after Plaintiff's colonoscopy that the source of his rectal bleeding was hemorrhoidal and recommended use of ointment. (Id. at 272.)

Based on the foregoing, the Court finds that the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting Dr. Lennon's opinion in favor of the consultative examiner and the state agency physician. Thus, relief is not warranted on this claim.

**D. Whether the ALJ Erred Finding Plaintiff's Non-Exertional Impairments of Fatigue and Depression Were Not Severe Impairments.**

Plaintiff contends that the ALJ erred by applying the severity requirement to Plaintiff's non-exertional impairments of fatigue and depression in an overly stringent manner. (JS at 14.)

**1. Applicable Law.**

At the second step of the analysis, the ALJ assesses whether a plaintiff has an impairment so severe as to significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A statement of symptoms alone is not enough. A plaintiff must submit medical evidence to prove the physical or mental impairment. 20 C.F.R. §§ 404.1508, 416.908. An impairment or combination of impairments is "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. SSR 85-28; Smolen, 80 F.3d at 1290.

2. **Analysis.**

The ALJ determined that the Plaintiff had the medically determinable but not severe diagnoses of depression and anemia. (AR at 19f.) Specifically, the ALJ noted that there was no evidence that Plaintiff's depression had lasted at least twelve months. Although the record reflects that Plaintiff may have been prescribed anti-depressants as early as 2009, the only evidence of the severity and duration of Plaintiff's depression was the report from the treating physician after Plaintiff's suicide attempt. (Id. at 300.) "The Secretary can disregard . . . self-serving testimony whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain." Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986) (citing Nyman, 779 F.2d at 531; Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985)).

Plaintiff submitted numerous doctor reports that included self-reported lists of prescriptions for either Wellbutrin or Celexa, medications to control depression. However, the record reflects that Plaintiff attempted to obtain no other treatment to combat his depression, and he failed to provide any evidence that the medications were not controlling his symptoms. While Plaintiff may or may not have received continuing treatment for his depression, "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility . . ." Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff was given permission to submit additional documents regarding his mental health treatment after the hearing on April 8, 2010. (AR at 371.) The supplemental documents provided by Plaintiff were not associated with any treatments or assessments of his depression. (Id. at 334-48.)

The ALJ also determined that Plaintiff had a historic diagnosis of anemia, but the condition had resolved. (Id. at 19g.) On June 8, 2010, Plaintiff was prescribed iron supplements to treat his anemia and has never required blood

transfusions. (AR 344, 346); see also, SSR 82-59 (where a disabling condition is amenable to treatment applicant must follow the course of treatment.); 20 C.F.R. § 416.930 (applicant must follow treatment.); Warre, 439 F.3d at 1006 (impairments that can be controlled effectively with medication are not disabling); Crane v. Shalala, 76 F.3d 251, 254 (9th Cir. 1996) (ALJ properly considered claimant's good response to treatment.).

Where an individual is "able to spend a substantial part of his day engaged in [a] pursuit . . . transferrable to a work setting, a specific finding to this fact may be sufficient to discredit an allegation of disabling pain." Fair, 885 F.2d at 603. Here, the ALJ also determined that Plaintiff's depression and anemia were not severe based in part on his testimony that he had been well enough to attend classes and planned to resume his education in the medical field. (AR at 19h.)

Based on the foregoing, the ALJ provided specific and legitimate reasons, based on substantial evidence in the record, for determining that Plaintiff's non-exertional impairments of fatigue and depression were not severe impairments. Thus, relief is not warranted on this claim.

## IV.
## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: July 20, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge

11